SANTINI FERTILIZER Co., Plaintiff, Appellant and Appellee, *v.* FELIPE G. DÁVILA, Defendant, Appellee and Appellant.

Nos. 6625 and 6731. Argued January 24, 1936.—Decided December 18, 1936.

*R. Buscaglia* for plaintiff, appellant, and appellee. *Arturo Aponte* for defendant, appellee, and appellant.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an action to collect a series of promissory notes, interest, and agreed attorney's fees, brought by Santini Fertilizer Co. against Felipe G. Dávila. The defendant admitted making the notes but alleged that he had paid some in which he was the only debtor and that he had been released as to the others, some of which he signed jointly with Francisco Rodríguez and others with Ramón Díaz. There are, then, three groups of notes to which we will subsequently refer as the Dávila, Rodríguez, and Díaz notes respectively. The evidence of the defendant tends to show that in May, 1930, the plaintiff was insisting that the defendant liquidate

the Dávila and Rodríguez notes. A conference was held at the time for that purpose in the Bank of Yabucoa, attended, among others, by the defendant, W. B. Almon, employee of the plaintiff, and Rafael Buscaglia, attorney for the plaintiff.

The defendant stated that he could not pay the obligations of Rodríguez. Almon told him that if he would pay his own notes Rodríguez would be given an extension to June 30, 1930, and if he did not pay then, suit would be brought against Rodríguez. The defendant explained that he could not pay his own obligations at that time, but he offered Almon a letter which the latter accepted, addressed by the defendant to the Yabucoa Sugar Co., authorizing this sugar company to pay the plaintiff a sum equal to the amount of the said notes, from the proceeds of certain cane which the defendant was grinding in the mill of the said company. The defendant assured Almon that if the proceeds of the case did not cover his notes, he would pay any deficit in June, 1930. The defendant called Almon's attention to the Díaz notes and told him that he could not take care of them, to which Almon answered that the Díaz money was sufficiently secured and that the plaintiff would deal directly with Díaz. At the suggestion of his attorney the defendant requested Almon to put the agreement in writing and Almon replied that he could not put anything in writing, that he had not received any money, that when he received the money he would issue a receipt stating that the defendant had paid his own notes and was released from the obligation of paying the Díaz and Rodríguez notes. A few days later Almon wrote to Rodríguez granting him an extension to June 30, 1930, to pay his notes.

The evidence of the plaintiff does not differ essentially from that of the defendant, except as to the Rodríguez and Díaz notes. On this point the witnesses for the plaintiff, Almon and Buscaglia, denied that there was any talk of releasing Dávila from his obligation as to those notes, and

asserted that the defendant was told only that the plaintiff would make an effort to collect from Rodríguez and Díaz directly.

The complaint was filed on June 9, 1930. On that date the Yabucoa Sugar Co. had made no remittance whatever to the plaintiff nor had it bound itself in any way to the plaintiff.

The lower court rendered judgment for the plaintiff as to the principal sum of all the Dávila notes, but denied the claim to costs, interest, and attorney's fees agreed on in the said notes, and also denied recovery on the Rodríguez and Díaz notes. Although the opinion of the court is not clear, it apparently believed that the defendant's allegation of a release was established as to the Rodríguez and Díaz notes and did not believe that the defense of payment of the Dávila notes was established. The court says, nevertheless, that the plaintiff acted improperly in bringing an action on the Dávila notes, and for this reason, although it orders Dávila to pay the principal of the notes, it denies to the plaintiff the interest and attorney's fees agreed upon. The court does not state the grounds it had for its conclusion that the plaintiff acted improperly. Its decision, however, gives us the impression that the court probably considered that the complaint was premature, that the Dávila notes were not due until payment was demanded of the Yabucoa Sugar Co.

Naturally, both parties have appealed from the judgment rendered, both appeals having been argued and submitted jointly. The plaintiff assigns as errors, among others which we do not consider pertinent to the case, those which it maintains the lower court committed in not granting interest or costs on the Dávila notes, and in deciding that the defendant was released on the Rodríguez and Díaz notes. The defendant assigns as errors those which he says the court committed in not dismissing the complaint entirely and in not ordering the plaintiff to pay the costs.

■■ We will consider first the errors assigned by the defendant. It is obvious that the lower court erred in order· ing the defendant to pay one of the Dávila notes, amount· ing to $42.34, since the complaint itself shows that it was not due when this action was brought. The complaint was filed on June 9, 1930 and the said note was not due until July 18 of the same year. As to the rest of the Dávila notes, the defendant maintains that he was granted an exten sion to June, 1930 for payment, that the complaint was there· fore premature, and that the court erred in ordering him to pay the principal of the said notes. The defendant did not allege this defense in his answer. What was alleged is that the notes were paid by the delivery to the plaintiff of the letter addressed by the defendant to the Yabucoa Sugar Company. Moreover, the evidence does not show that such an extension was granted. It is true that upon delivering the letter the defendant offered to pay the debt on June 30, 1930, but it does not appear that the plaintiff bound itself to wait until that date. The mere fact that a debtor offers to pay an overdue debt on a certain date, or before that date, is not sufficient to establish an extension. It is necessary that the creditor bind himself, and in the instant case it was neither alleged nor proved that the creditor agreed to an extension. It cannot be said then, that the lower court erred in not holding that an extension was granted or in ordering the defendant to pay the Dávila notes.

■ The defendant also maintains, although in a some- what ambiguous manner, that the Dávila notes were paid by the delivery of the letter addressed by the defendant to the Yabucoa Sugar Company. We say that the position of the defendant is ambiguous because at times he maintains that the letter was delivered in payment, and at times that it was delivered as collateral security. The defendant con- siders the letter as a draft, a commercial bill of exchange. If the plaintiff had agreed to receive a bill of exchange accepted by the Yabucoa Sugar Company in substitution for

the Dávila notes, there is no doubt that the latter would have been extinguished. The evidence does not show this. The letter reads as follows:

"Bank of Yabucoa,
Yabucoa, Puerto Rico,
May 1, 1930.

The Yabucoa Sugar Co.,
Humacao, Puerto Rico.

Dear Sirs:

I trust that, as soon as the sum of $3,129 which I owe to the Bank of Yabucoa is paid, plus a dollar for cut and haul per ton of cane to be liquidated by you, you will be so kind as to remit to Santini Fertilizer Co., of San Juan, $1,000, and so on successively, until the sum of $2,359.01 is covered in two more liquidations.

Thanking you in advance for your attention to this matter, I remain

Yours very truly,

(Sgd.) Felipe G. Dávila'
O. K. Bank of Yabucoa
(Sgd.) D. L. Corretjer,
Manager."

It is evident that the letter in question is not a bill of exchange since it does not involve an unconditional order to pay money. Even if it were and even if the Yabucoa Sugar Co. had accepted it, the evidence of the defendant himself, as we have already stated, definitely establishes that the plaintiff expressly refused to accept the letter in payment of the notes. The lower court did not err in not holding that the Dávila notes were extinguished by the delivery of the letter.

The last error assigned by the defendant is that the court did not order the plaintiff to pay the costs. It is unnecessary to say that this error must be dismissed.

We have passed on the errors attributed to the lower court by the defendant. Let us now consider those assigned by the plaintiff company. There is no doubt that the lower court erred in denying interest on the Dávila notes, except-

ing, of course, the note which was not due when the action was brought. If the notes due had not been paid and a judgment for the amount of the same was proper, there is no reason whatever, nor does the lower court give one, for denying the plaintiff the right to the interest agreed on.

■ It is also argued that the lower court erred in deciding for the defendant as to the Díaz notes. In the opinion of the lower court the plaintiff released the defendant from these obligations. The evidence most favorable to the defendant is to the effect that Mr. Almon offered to release the said defendant from the Díaz notes if he would pay his own and that Almon refused expressly to release the defendant from the Díaz notes until he should receive the amount of the Dávila notes. Without stopping to consider whether or not Almon had authority to release the defendant from his obligations to the plaintiff, and without reflecting on the question of whether or not a gratuitous release is effective under the civil law, we believe that the evidence clearly shows that there was no such release, but a mere offer by Mr. Almon to the defendant to release him in the future, provided the defendant should pay his own notes. This offer could be withdrawn at any time before it was accepted, and it was in fact withdrawn upon the filing of the complaint in which the amount of the Díaz notes is claimed, along with the others. We should state, however, that among these notes are three which had not become due when the complaint was filed. The said notes, whose amount totals $758.64, became due on the 12th, 13th, and 14th of June, 1930, and as we said before, the complaint was filed on June 9 of the said year. The lower court erred, therefore, in deciding for the defendant as to the Díaz notes, excepting the three notes which we have just mentioned.

■ Concerning the Rodríguez notes, the plaintiff maintains that the lower court erred in deciding for the defendant. The holding of the court is based not only on the release but also on the extension granted to Rodríguez to June 30,

1930. The evidence shows that Almon offered an extension, and that subsequently the plaintiff wrote to Rodríguez granting him an extension up to that date. Inasmuch as Rodríguez and the defendant bound themselves jointly, the extension granted to Rodríguez benefited the defendant, and therefore the action brought is premature as to the Rodríguez notes. The court *a quo* did not err in holding for the defendant as to these notes.

■ As we have already stated, the decision of the lower court seems to us sound insofar as the costs are involved. The plaintiff insists, however, that the notes signed by the defendant expressly bind him to pay the expenses which their holder may incur in collecting them, including attorney's fees. It is true that the defendant agreed to pay the plaintiff "all expenses which may be incurred in collecting the obligations, attorney's fees included." This obligation is alleged in the complaint and it is said that the plaintiff has paid its attorney the sum of $1,200 to handle the action. Evidence was offered to support this allegation; but as there are obligations whose payment has been prematurely demanded, the plaintiff cannot recover for expenses incurred in the collection of such obligations. Taking these circumstances, and the evidence presented, into account, we fix at $500 the expenses incurred by the plaintiff for attorney's fees.

The judgment appealed from must be modified in the sense of deciding for the plaintiff as to the notes numbered from 4 to 14 and from 16 to 23 inclusive, with interest as agreed at 12% per annum from the due date of each note until its full payment, and for the defendant as to the notes numbered 1, 2, 3, 15, 24, 25, and 26. In addition the defendant must be ordered to pay the plaintiff the attorney's fees agreed on, which are fixed at $500, without costs, and thus modified the judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.